UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARISMENDI MARTINEZ,

                Plaintiff,

  -against-

MORRIS 1 LLC, et al.,

                Defendants.

24-CV-9158 (DEH) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

      Pending before the Court is the parties' motion for approval, under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), of their settlement (the "Settlement") of Plaintiff's claims against Defendants Morris 1 LLC and Chestnut Holdings of New York, Inc. for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (*See* ECF 30, Mot. for Settlement Approval ("*Cheeks Application*").) Courts in this District approve FLSA settlements when they are fair and reasonable based on consideration of five non-exhaustive factors. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Those factors are: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* (internal quotation marks omitted).

For a court to evaluate a proposed settlement, each party must estimate the number of hours worked and applicable wage. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176-77 (S.D.N.Y. 2015) (finding the court had "no sense" of how the parties arrived at the maximum recovery figures where "the parties [did] not provide[ ] the Court with each party's estimate of the number of hours worked or the applicable wage") (internal quotation marks omitted). A plaintiff's maximum possible recovery (with a statement of the basis for that estimate) is required for a court to evaluate a settlement. *See Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187 (AJN), 2015 WL 7871036, at *1 (S.D.N.Y. Dec. 3, 2015). "A plaintiff can show the range of recovery based on, inter alia, facts alleged in the Complaint or revealed through discovery." *Li v. HLY Chinese Cuisine Inc.*, 596 F. Supp. 3d 439, 446 (E.D.N.Y. 2022). "Without some proof of the parties' calculations, the Court cannot find that the range of the plaintiff's recovery is reasonable." *Narvaez v. Black Label Salon 25 Corp.*, No. 20-CV-4465 (ER), 2021 WL 1118383, at *1 (S.D.N.Y. Feb. 1, 2021). Additionally, "[i]n an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229-30 (S.D.N.Y. 2016).

I have reviewed the *Cheeks Application*, and it is lacking two types of information necessary to evaluate whether the Settlement is fair and reasonable. First, Plaintiff does not provide his range of possible recovery. He includes neither his best-case damages estimate nor statement of Defendants' position on damages. Instead, he provides his effective hourly rate (without saying how the rate was computed) if "the weekly wages were intended to cover all hours worked"; based on that assumption, he calculates the hourly and weekly overtime

premiums owed; and he then calculates the amount owed over a 91-week period based on the two-year period for non-willful FLSA violations (without saying why he uses 91 weeks or why the violations should be considered non-willful). (*See* ECF 30, *Cheeks Application* at 1.) This calculation sounds very much like a medium-case scenario; even if Defendants' position is that Plaintiff is entitled to no damages, the range provided is insufficient for me to evaluate the Settlement.

Second, the *Cheeks Application* states that Plaintiff's counsel filed contemporaneous billing records on the docket, citing to ECF 29 (see ECF 30, *Cheeks Application* at 3); however, ECF 29 is a Court order, and ECF 30 does not attach contemporaneous billing records.

Accordingly, Plaintiff is **ORDERED** to file on the docket by **August 13, 2025**: (1) a statement of his range of possible recovery based on his best- and worst-case scenarios, with sufficient information to understand how those estimates were calculated (including the basis for all assumptions used in the calculations); and (2) contemporaneous billing records for this matter and biographies of the timekeepers.

DATED:   August 6, 2025
         New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge